

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK<br>*Plaintiff,* | § § § § | |
| | § | CASE NO. 4:17cv346 |
| vs | § § | |
| COMMONWEALTH FINANCIAL<br>SYSTEMS, INC.<br>*Defendant.* | § § § § § § | JUDGE Mazzant<br><br>TRIAL BY JURY DEMANDED |

### COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692.

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Commonwealth Financial Systems, Inc. a debt collector as defined in 15 U.S.C. § 1692a(6) with offices at 245 Main Street, Dickson City, PA 18519. It may be served through its Registered Agent CT Corporation System, 1999 Bryan St. #900, Dallas, TX 75201.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7. On or about January 23, 2017 Commonwealth made the first of at least 33 calls to Plaintiff's wireless phone number 682-560-1675 from phone number 682-978-5421 which is a number known to be used by it in its debt collection operations.

8. Upon information and belief the purpose of the calls to Plaintiffs wireless phone number was for the collection of a debt which is the primary business of Commonwealth in that it uses the mails and telephone to collect or attempt to collect debts as defined in 15 U.S.C. § 1692a(5) that are owed or alleged to be owed to others.

9. Commonwealth made at least 33 **individual calls** to Plaintiff's wireless phone beginning January 23, 2017 continuing through April 14, 2017 using ATDS capable equipment and using an artificial or prerecorded voice message.

10. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given. In doing so Commonwealth violated Plaintiff's right to privacy under 47 U.S.C. § 227 *et seq*.

11. On each occasion that Commonwealth called Plaintiff's wireless phone it failed to identify who was calling or to identify the purpose of the call as required in 15 U.S.C. § 1692d and/or § 1692d(6) and § 1692e(11).

12. Commonwealth called Plaintiff's wireless phone number 682-560-1675 on the following dates and times from 682-978-5421 that were documented by him in handwritten notes and by audio recordings made at or near the time of the calls:

   1) January 23, 2017 at 2:29 PM;
   2) February 14, 2017 at 12:45 PM;
   3) February 16, 2017 at 12:25 PM;
   4) February 28, 2017 at 2:41 PM;

    5) March 2, 2017 at 2:35 PM;
    6) March 3, 2017 at 3:09 PM;
    7) March 4, 2017 at 11:10 AM;
    8) March 6, 2017 at 2:46 PM;
    9) March 7, 2017 at 1:16 PM;
    10) March 8, 2017 at 1:46 PM;
    11) March 9, 2017 at 2:49 PM;
    12) March 10, 2017 at 2:23 PM;
    13) March 16, 2017 at 12:12 PM;
    14) March 17, 2017 at 11:00 AM;
    15) March 21, 2017 at 12:01 PM;
    16) March 24, 2017 at 10:03 AM;
    17) March 27, 2017 at 11:06 AM;
    18) March 29, 2017 at 2:57 PM;
    19) March 30, 2017 at 10:30 AM (first of 4 back to back calls);
    20) March 30, 2017 at 10:30 AM (second of 4 back to back calls);
    21) March 30, 2017 at 10:30 AM (third of 4 back to back calls);
    22) March 30, 2017 at 10:30 AM (fourth of 4 back to back calls);
    23) March 30, 2017 at 1:31 PM;
    24) April 1, 2017 at 10:02 AM;
    25) April 3, 2017 at 9:08 AM;
    26) April 5, 2017 at 1:10 PM;
    27) April 6, 2017 at 12:17 PM;
    28) April 7, 2017 at 10:16 AM;
    29) April 10, 2017 at 11:28 AM;
    30) April 11, 2017 at 11:08 AM;
    31) April 12, 2017 at 10:49 AM;
    32) April 13, 2017 at 11:14 AM;
    33) April 14, 2017 at 10:08 AM.

13. Plaintiff notes, as shown above, that on March 30, 2017 Commonwealth made 5 individual calls to him on the same day with **4 of the calls made within the same minute** at 10:30 AM. The individual call detail is shown in Plaintiff's phone memory as well as handwritten notes.

14. On the numerous occasions when Plaintiff would answer Commonwealth's calls no person would say anything and there would be only dead air or he would hear a recorded voice message stating in part "to hear this message in English press 1" and then a message in Spanish that Plaintiff could not understand. The recorded message was repeated twice and then the call would be terminated by the caller even when Plaintiff answered and spoke.

15. The calls received by Plaintiff were **extremely** irritating and disruptive as he is a futures day trader. As such, he must remain very focused on the markets at all times during trading hours without distraction or interruption especially during the morning to mid-afternoon hours. Plaintiff received the calls from Commonwealth **precisely during those hours** with no person on the line which was intrusive, aggravating and disruptive at numerous critical times during trading hours when he was working.

16. On many occasions when Plaintiff answered Commonwealth's calls he stated "quit calling this phone" or "quit calling this number" multiple times but no live person spoke and the caller would terminate the call.

17. Plaintiff at or near the time each of the calls was placed to his wireless phone made handwritten notes of the call details and on a number of calls made audio recordings of the message played and his statements to stop calling. Details noted include but are not limited to: the date, time, whether he answered the call, what was said by the caller (if anything), and what he said (if anything).

18. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) that had the capacity to store numbers.

19. Upon information and belief, Commonwealth placed the calls to the Plaintiff voluntarily.

20. Upon information and belief, Commonwealth placed the calls to Plaintiff under its own free will.

21. Upon information and belief, Commonwealth had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

22. Upon information and belief, Commonwealth intended to use an automatic telephone dialing system (ATDS) to place each of the telephone calls identified above.

23. Plaintiff felt harassed and his privacy was violated when there was never a live person who spoke on any of the calls placed by Commonwealth to his wireless phone. He finally was able to speak with a live person on the 33rd call and then only after he pressed "1" after the prerecorded message played and he listened to music for a time on hold. The calls were extremely disruptive to Plaintiff's trading activities and broke his critical and necessary concentration on the markets on many occasions and in one instance caused him to miss a carefully planned trade that would have made substantial profits for him.

24. Upon information and belief, Commonwealth maintains business records that show all calls it placed to Plaintiff's wireless telephone number 682-560-1675.

25. At the times that all of the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody and control of the phone and paid for the airtime for the called number.

26. Plaintiff's right to privacy was violated numerous times when receiving the multitude of calls made to him by Commonwealth without his consent.

27. Plaintiff suffered concrete and particularized injury in several ways: He was denied use of his wireless phone at the times of the unwanted calls; he incurred actual damages in the form of airtime used in answering the calls as well as the cost of electricity used and wear and tear on his phone as a result of the calls. Plaintiff also sustained actual damages as a result of a missed trade on April 12, 2017 due to a call from Commonwealth and the resultant distraction and aggravation it caused. Because of the distraction and loss of concentration caused by receiving yet another call from Commonwealth at a very critical time, 10:49 AM,

Plaintiff missed a carefully planned trade that needed to be initiated at a specific price level that was reached right at the time of the call from Commonwealth. The planned trade, if taken, would have resulted in profits in the amount of $400 for Plaintiff. Those profits were lost as a direct result of Commonwealth's continuing illegal actions making calls to Plaintiff repeatedly during trading hours.

28. On April 14, 2017 the markets were closed for Good Friday and Plaintiff was able to proceed further with a call received that morning at 10:08 AM. He pressed "1" after hearing the same prerecorded message that he had heard before that played when he answered. Upon pressing "1" he was connected to music playing for a period of time while he was on hold. Eventually a female voice came on the line and stated "good morning this is Commonwealth Financial Systems." Plaintiff stated they had been calling his number and they needed to stop doing so. The caller made a statement that Plaintiff could not understand and after the caller made several further statements that he could not understand he stated he didn't know what they were talking about to which the caller said "OK not a problem" and terminated the call. The caller failed to state the mini-miranda or purpose of the call as required by 15 U.S.C. § 1692e(11). Plaintiff recorded the entire call and conversation from the time the phone was ringing until the call was terminated and verbally made note of the date and time of the call. No further calls were received after that date.

29. All calls at issue in this lawsuit were made within the last year. All violations alleged in this action occurred within the statute of limitations of four years under the TCPA and one year under the FDCPA.

30. Plaintiff sent a Notice of Intent to Sue to the Defendant in an effort to mitigate damages and attempt to settle all claims prior to litigation that was received by the Defendant on May 5, 2017. Plaintiff received a response but the parties were unable to reach a settlement.

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

24. Plaintiff repeats and re-alleges each and every allegation stated above.

25. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 *et seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Commonwealth Financial Systems, Inc. violated the TCPA 47 U.S.C. § 227 *et seq.*

   b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

   c. Awarding Plaintiff $400 in actual damages as compensation for trading profits lost as a direct result of Commonwealth's illegal actions.

   d. Awarding Plaintiff any fees and costs incurred in this action;

   e. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

   f. Awarding such other and further relief the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE FDCPA

17. Plaintiff repeats and re-alleges each and every allegation stated above.

18. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

  a. Adjudging that Commonwealth Financial Systems, Inc. violated the FDCPA.

  b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

  c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

  d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

  e. Awarding such other and further relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

_____
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642