# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DAVID E. MACK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:17-cv-00346-ALM-CAN |
| § | |
| **COMMONWEALTH FINANCIAL** § | |
| **SYSTEMS, INC.,** § | |
| § | |
| Defendant. § | |

## DEFENDANT, COMMONWEALTH FINANCIAL SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Commonwealth Financial Systems, Inc. (Commonwealth), through counsel and under the Federal Rules of Civil Procedure, hereby responds to the Complaint filed by plaintiff, David E. Mack (Plaintiff), and states:

## JURISDICTION

1. Upon information and belief, Commonwealth admits this Court has jurisdiction. Except as specifically admitted, Commonwealth denies the allegations in ¶ 1.

2. Commonwealth denies the allegations in ¶ 2.

## PARTIES

3. Upon information and belief, Commonwealth admits Plaintiff is a natural person residing in Collin County, Texas. Except as specifically admitted, Commonwealth denies the allegations in ¶ 3.

4. Commonwealth admits part of its business is the collection of debts and it has an office located in Dickson City, PA. Except as specifically admitted, Commonwealth denies the allegations in ¶ 4 as calling for a legal conclusion.

## VENUE

5. Upon information and belief, Commonwealth admits venue is proper. Except as specifically admitted, Commonwealth denies the allegations in ¶ 5.

6. Upon information and belief, Commonwealth admits venue is proper. Except as specifically admitted, Commonwealth denies the allegations in ¶ 6.

## FACTUAL ALLEGATIONS

7. Commonwealth denies the allegations in ¶ 7.

8. Commonwealth admits part of its business is the collection of debts. Except as specifically admitted, Commonwealth denies the allegations in ¶ 8 as calling for a legal conclusion.

9. Commonwealth denies the allegations in ¶ 9.

10. Commonwealth denies the allegations in ¶ 10.

11. Commonwealth denies the allegations in ¶ 11.

12. Commonwealth denies the allegations in ¶ 12 and its subparagraphs.

13. Commonwealth denies the allegations in ¶ 13.

14. Commonwealth denies the allegations in ¶ 14.

15. Commonwealth denies the allegations in ¶ 15.

16. Commonwealth denies the allegations in ¶ 16.

17. Commonwealth denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. Commonwealth denies the allegations in ¶ 18.

19. Commonwealth denies the allegations in ¶ 19.

20. Commonwealth denies the allegations in ¶ 20.

21. Commonwealth denies the allegations in ¶ 21.

22. Commonwealth denies the allegations in ¶ 22.

23. Commonwealth denies the allegations in ¶ 23.

24. Commonwealth admits it maintains records of calls.  Except as specifically admitted, Commonwealth denies the allegations in ¶ 24.

25. Commonwealth denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. Commonwealth denies the allegations in ¶ 26.

27. Commonwealth denies the allegations in ¶ 27.

28. Commonwealth denies the allegations in ¶ 28.

29. Commonwealth denies the allegations in ¶ 29 as calling for a legal conclusion.

30. Plaintiff's letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 30 state otherwise, denied.

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

24. (sic) Commonwealth reasserts the foregoing as if fully stated herein.

25. Commonwealth denies the allegations in ¶ 25.

## COUNT II
## VIOLATIONS OF THE FDCPA

17. (sic) Commonwealth reasserts the foregoing as if fully stated herein.

18. Commonwealth denies the allegations in ¶ 18.

### COMMONWEALTH'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Commonwealth denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Commonwealth's purported violations.

3. One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that Plaintiff has suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Commonwealth and were beyond the control or supervision of Commonwealth or for whom Commonwealth was and is not responsible or liable.

6. Plaintiff has failed to state a claim against Commonwealth upon which relief may be granted.

7. One or more of the telephone calls made to Plaintiff were not made to a wireless, i.e., cellular, telephone.

8. Plaintiff consented and authorized calls to the phone number in question.

9.   The phone calls made to Plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10.   The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11.   To the extent the calls at issue were to the Plaintiff's cellular telephone, as alleged, Plaintiff provided consent to receive those calls.

12.   To the extent Plaintiff was not the intended recipient of the calls, Plaintiff has no standing to assert the claim.

13.   The plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Commonwealth Financial Systems, Inc., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

/s/ Whitney L. White
Whitney L. White
TX Bar No. 24075269
Sessions, Fishman, Nathan & Israel, LLC
900 Jackson Street, Suite 440
Dallas, TX 75202
Telephone: (214) 741-3001
Facsimile: (214) 741-3055
E-mail: wwhite@sessions.legal

*Attorney for Defendant,*
*Commonwealth Financial Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2017, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Texas and served via E-mail and U.S. Mail upon the following:

David E. Mack
7720 McCallum Blvd. #2099
Dallas, TX 75252
Telephone: (972) 735-9642
E-mail: mack2001@swbell.net
*Pro Se Plaintiff*

                                                            /s/ Whitney L. White
                                                            Whitney L. White